IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TWIN LAKES SECURITIES, INC.,

    Plaintiff,                            No. CIV S-12-1329 KJM EFB PS

    vs.

RAYMOND DOUGLAS CURTEMAN;
ABRAHAM BENEVITEZ,

    Defendants.                          FINDINGS AND RECOMMENDATIONS

_____/

On May 16, 2012, defendant Abraham Benevitez, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for Sacramento County.[1]  Dckt. No. 1.  This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is

---

[1] Also on May 16, 2012, defendant filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Dckt. No. 3.  However, in light of the recommendation herein that this action be remanded for lack of subject matter jurisdiction, defendant's request to proceed *in forma pauperis* will not be addressed.

1

strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendant has failed to meet that burden.

The notice of removal states that this court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1331. Dckt. No. 1 at 2. However, a review of the complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law. Dckt. No. 1 at 12-13 (Compl.). The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Here, plaintiff's one cause of action is for unlawful detainer under state law, and under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal.[2] *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

////

---

[2] Nor has defendant established that this court has diversity jurisdiction, since the notice of removal does not establish diversity of the parties or that the amount in controversy exceeds $75,000, nor does it appear that removal by defendant would be proper under 28 U.S.C. § 1441(b), which permits removal in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See also Fed. Home Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole.").

Defendant argues that the "Protecting Tenants at Foreclosure Act 2009" ("PTFA"), 12 U.S.C. § 5201, preempts state law with regard to foreclosures and that the action was really brought under that Act, rather than as an unlawful detainer action. Dckt. No. 1 at 2-4. Defendant contends that the PTFA is therefore "*not* a defense" but is instead "the *entire basis* for the action." *Id.* at 5. However, defendant is mistaken – the PTFA is not a substitute for an unlawful detainer action. *See Fed. Nat'l Mortg. Ass'n. v. Detmer*, 2012 WL 1435018 at *3 (E.D. Cal. Apr. 25, 2012). "[D]efendant[']s assertions of the 'Protecting Tenants at Foreclosure Act' are best characterized as defenses or potential counterclaims; neither of which are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint." *First Northern Bank of Dixon v. Hatanaka*, 2011 WL 6328713, at * 4 (E.D. Cal. Dec. 16, 2011). "[F]ederal district courts have held that a defense based on the Protecting Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction." *Aurora Loan Servs., LLC v. Montoya*, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011) (citing *SD Coastline LP v. Buck*, 2010 WL 4809661, at *1–3 (S.D. Cal. Nov. 19, 2010); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("provisions [of the PTFA] offer [defendant] a federal defense to an unlawful detainer action where the plaintiff fails to comply with these requirements. A federal defense, however, does not support federal-question jurisdiction."); *Aurora Loan Servs., LLC v. Martinez*, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010)).

Therefore, because defendant has not adequately established a basis for this court's subject matter jurisdiction, the case must be remanded.[3] *See* 28 U.S.C. § 1447(c).

////

---

[3] Nor does it appear that the notice of removal was timely. Section 1446(b) requires a notice of removal to be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Here, the complaint was filed on March 15, 2012 yet the notice of removal was not filed until May 16, 2012.

1  Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be
2  REMANDED to the Superior Court of the State of California in and for the County of
3  Sacramento.

4  These findings and recommendations are submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6  after being served with these findings and recommendations, any party may file written
7  objections with the court and serve a copy on all parties.  Such a document should be captioned
8  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
9  shall be served and filed within fourteen days after service of the objections.  Failure to file
10  objections within the specified time may waive the right to appeal the District Court's order.
11  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
12  Cir. 1991).

13  DATED: May 18, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4